10644.

WILLIAMS, ADMR., v. METROPOLITAN LIFE INSURANCE CO.

(108 S. E. 110)

1. EVIDENCE—DEATH CERTIFICATE ADMISSIBLE TO ESTABLISH FACTS STATED THEREIN EXCEPT WHERE PLAINLY NOT WITHIN KNOWLEDGE OF PERSON MAKING CERTIFICATE.—A certificate of insured's death consisting of local registrar's .certificate of death under the Vital Statistics Act of 1914 and certificate of physician who attended insured in his last illness, or a certified copy of such certificate of death, is admissible in action upon the policy to establish matters therein required to be recorded when within the knowledge of the person making the certificate, but is not admissible to establish matters not within the knowledge of such person and plainly appearing to have been impossible to have been within his knowledge; the evidence in such case being hearsay.

2. EVIDENCE—PHYSICIAN'S CERTIFICATE INADMISSIBLE TO ESTABLISH DURATION OF DISEASE SHOWN BY CERTIFICATE NOT TO HAVE BEEN WITHIN PHYSICIAN'S KNOWLEDGE.—In action on life policy, medical

certificate signed by physician who attended insured in his last illness was not admissible to establish duration of the disease where the certificate showed that such fact could not have been within such physician's knowledge.

Before MEMMINGER, J.,    Spartanburg,    April    term, 1919.   Reversed and new trial ordered.

Action by T. J. L. Williams, as administrator of the estate of Lizzie Harland, deceased, against Metropolitan Life Insurance Co.   From judgment for defendant the plaintiff appeals.

*Messrs. Carson & Tinsley,* for appellant, cite:  *Death certificate admitted under* 1 Civ. Code 1912,  Sec.  3996, *which makes record admissible if competent.   And under* Sec. V. of 29 Stats. 29, *but only as prima facie evidence of birth or death.   Its admission was improper to prove anything other than fact of death:*  6 N. Y. Misc. 9, 26 N. Y. Supp. 63; 66 N. E. 102, (N. Y.) ; 165 N. Y. 159; 58 N. E. 891.

*Messrs. Carlisle & Carlisle,* for respondent, cite:  *Certificate as a whole admissible under Sec.* 5, 29 Stats. 29. *And properly admitted:* 22 C. J. Sec. 914; 115 N. E. 46; 106 N. W. 1107 (Mich.) ; 74 Conn. 699, 52 Atl. 490; 74 Vt. 147, 52 Atl. 438; 2 S. E. 97; 121 N. W. 351; Jones Ev. Sec. 511; 1 Greenleaf 483; Stephen on Evid., Art. 34. *Legislature can modify or alter rules of evidence:* 186 Mass. 376, 71 N. E. 790. *Principle recognized in S. C.;* 1 Civ. Code 1912, Secs. 3750, 2325; 40 S. C. 31.

June 30, 1921.

The opinion of the Court was delivered my MR. JUSTICE COTHRAN.

Action by plaintiff, as administrator of the estate of Lizzie Harland, to recover the amount of a policy of in-

surance upon the life of her husband, Harvey Harland, she being the beneficiary named in the policy and having died after the death of the insured.

The defense was fraudulent representations by the insured in reference to his health and treatment by a physician. The particular point of attack was that the insured had had for a period of several years a chronic disease of the kidneys, interstitial nephritis, and in his application for insurance had stated to the contrary.

The defendant offered in evidence a certain certificate purporting to be a record of the death of the insured, which was made up of a certificate of death signed by the local registrar under the Vital Statistics Act of 1914 (29 Stat. [Ex. Sess.] p. 29) and a medical certificate of death signed by the physician who attended the insured in his last illness. This certificate, compound of the two certificates as stated, is such as is required by the acts and regulations of the State Board of Health. It or a certified copy is admissible in evidence to establish the matters therein required to be recorded when within the knowledge of the person making the certificate. Matters not within his knowledge and plainly appearing impossible to have been within his knowledge are subject to the objection applicable to all hearsay evidence. In the medical certificate the physician who was called in on November 18th and attended the insured until his death on November 30th certifies to the duration of the alleged disease, a fact which the certificate shows could not have been within his knowledge. This matter being a vital point in the controversy, the Circuit Judge was in error in allowing the statement of the physician as to the duration of the disease to go to the jury.

The judgment of this Court is that the judgment of the Circuit Court be reversed and a new trial ordered.